wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spinedex Physical Therapy USA, Inc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> United Healthcare of Arizona, Inc., et al., <br><br> Defendants. | No. CV-08-0457-PHX-ROS <br><br> **ORDER** |

**Procedural History**

On April 29, 2009, the Court granted in part Defendants' Motion to Dismiss, dismissing portions of Counts I, IV and V and all of Count III in the Second Amended Complaint (Doc. 132). On May 13, 2009, Plaintiffs filed a Motion for Reconsideration, requesting the Court reconsider the partial dismissal of Count IV and the full dismissal of Count III as well as the partial denial of Plaintiffs' first Request for Judicial Notice (Doc. 136). In the alternative, Plaintiffs move the Court to permit amendment of the Second Amended Complaint. On July 23, 2009, the Court ordered a Response and Reply, which were timely filed (Docs. 144-46). For the following reasons, the Motion will be granted in part.

**Discussion**

**A. Standard**

Under Local Rule of Civil Procedure 7.2(g), a motion for reconsideration is ordinarily denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." Accord Sprint Comm'cns Co., L.P. v. W. Innovations, Inc., 618 F. Supp.2d 1121, 1122 (D. Ariz. 2009) ("Generally, motions to reconsider are appropriate only if the Court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'") (citing Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

**B. Count IV**

Plaintiffs argue the Court erred in dismissing the Plan Defendants from Count IV, a claim for unpaid plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B). The Plan Defendants were dismissed from Count IV because "the Complaint [did] not ascribe any act or commission to the Plan Defendants" and thus failed to meet the pleading requirements of Federal Rule of Civil Procedure 8 ("Rule 8") (Doc. 132 at 12). Plaintiffs respond that, to state a § 502(a)(1)(B) claim against an ERISA plan, the Complaint need only allege "that benefits were improperly denied to a participant or participants" of the implicated plan (Doc. 146 at 3). Defendants argue Rule 8 requires that "Plaintiffs . . . must allege some wrongdoing" to state a § 502(a)(1)(B) claim against an ERISA plan (Doc. 145 at 5).

Although cited by neither Plaintiffs nor Defendants, this question is directly resolved by Ninth Circuit precedent. In Crull v. GEM Ins. Co., plaintiffs, whose state law insurance claims against an ERISA plan had been dismissed on preemption grounds, appealed the district court's dismissal of the entire case, arguing the complaint also stated an ERISA cause of action for unpaid plan benefits. See 58 F.3d 1386, 1388 (9th Cir. 1995). The Ninth

Circuit reversed the dismissal, holding "[Plaintiffs'] complaint alleged that their medical expenses are covered by the terms of the [Defendant's] policy, and demanded the coverage called for in the policy . . . [t]hat is adequate under Rule 8" to state a claim for unpaid ERISA plan benefits. Id. at 1391. In the present case, the Complaint sets forth that Plaintiffs are participants, beneficiaries or benefit assignees of the Plan Defendants and that the Plan Defendants wrongfully denied Plaintiffs' plan benefits (Doc. 38 at ¶¶ 6-9, 67-70). Under Crull, these facts are sufficient to state a § 502(a)(1)(B) claim.

Hence, the dismissal of the Plan Defendants for failure to state a claim directly contravened Ninth Circuit precedent and constituted "manifest error" within the scope of Local Rule of Civil Procedure 7.2(g). Accordingly, Plaintiffs' Motion for Reconsideration will be granted on this issue and the Plan Defendants will be reinstated.[1]

**C. Count III**

Plaintiffs argue the Court committed clear error in dismissing Count III for failure to plead appropriate equitable relief pertinent to non-fiduciaries, as required by 29 U.S.C. § 1132(a)(3), ERISA § 502(a)(3), the ERISA provision which permits suit against a non-fiduciary for participation in an ERISA violation. See 29 U.S.C. § 1132(a)(3)(B) ("A civil action may be brought . . . *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.") (emphasis added). Specifically, Plaintiffs argue appropriate equitable relief was pled by requesting that the non-fiduciary Defendants be permanently barred from ever serving as an ERISA fiduciary because, according to Plaintiffs, "consistent with the plain language of ERISA § 502(a)(3) and the Complaint, fiduciary debarment of a non-fiduciary is an appropriate remedy against a non-fiduciary" (Doc. 136 at 10). However, Plaintiffs do not explain how "the plain language" of § 502(a)(3) supports such an interpretation. While

---

[1] Because the Plan Defendants are being reinstated due to manifest error, Plaintiff's manifest injustice argument need not be reached.

- 3 -

Plaintiffs cite two cases which upheld the validity of a § 502(a) remedy barring non-fiduciaries from serving as ERISA fiduciaries or service providers, neither case addressed in more than a summary manner whether such remedy was "appropriate" under § 502(a)(3). See e.g. Solis v. Couturier, 2009 WL 1748724, *6 (E.D. Cal. 2009); Quint v. Freda, 1999 WL 65045, *4 (S.D. N.Y. 1999). The persuasiveness of these decisions is marginal and neither case renders the dismissal of Count III manifest error.

To determine if a particular equitable remedy is "appropriate" under § 502(a)(3), courts must inquire into whether the "common law of trusts, which offers a starting point for analysis of ERISA unless it is inconsistent with the language of the statute . . ., plainly countenances the sort of relief sought." Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 250 (2000) (internal citation omitted). Applying such analysis, the Supreme Court held that claims for restitution and disgorgement of wrongful proceeds against a non-fiduciary were appropriate remedies under § 502(a)(3), as both have a basis in the common law of trusts. See id. ("[I]t has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach of duty."). While enjoining an existing ERISA fiduciary from prospectively serving as a fiduciary also has roots in the common law of trusts, that is removing a trustee for mishandling trust affairs, Plaintiff does not cite nor has the Court identified a similar basis in trust law which would permit such a remedy against a non-fiduciary. See e.g. Beck v. Levering, 947 F.2d 639, 641 (2d Cir. 1991) (enjoining an ERISA fiduciary from prospectively serving as a fiduciary was an appropriate § 502(a) remedy because it is rooted in "principles developed in the evolution of the law of trusts") (citing Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 110 (1989) (internal citation omitted)). Accordingly, Plaintiffs' Motion will be denied on this ground.

### D. Judicial Notice

Plaintiffs argue the Court erred in failing to consider Exhibits A and I-N which were submitted with the Declaration of Joseph A. Garofolo in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 116). When deciding a motion to dismiss, extrinsic evidence is generally not considered, as inquiry "is limited to the allegations in the complaint." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Two exceptions to this rule are materials subject to judicial notice and materials attached to or referenced in the Complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). As discussed in the April 29, 2009 Order and admitted by Plaintiffs, Exhibits A and I-N were not properly submitted for judicial notice. Nor does it appear that the Exhibits were attached to or referenced in the Complaint. Plaintiffs offer no additional basis which would permit consideration of the Exhibits when evaluating Defendants' Motion to Dismiss. Accordingly, Plaintiffs' Motion will be denied on this ground.

### E. Leave to Amend

Plaintiffs argue the Court erred in failing to address Plaintiffs' request to "amend the Complaint to correct any deficiencies perceived by the Court," as stated in the Opposition to Defendants' Motion to Dismiss (Doc. 112 at 35). Plaintiffs are correct that "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007). Because the Plan Defendants will be reinstated, the Court need not address whether Plaintiffs should be allowed to amend Count IV. With respect to Count III, allowing amendment would be futile. As discussed in the April 29, 2009 Order, the Complaint pled an exhaustive list of equitable remedies, none of which were applicable to non-fiduciaries and thus could save Count III. Beyond the conclusory statement that Count III "can be amended to state [a] claim[] under the interpretation of ERISA that the Court has adopted," Plaintiffs offer no insight into what additional equitable remedies could be pled

that would apply to non-fiduciaries (Doc. 136 at 11).  Without such specificity, Plaintiffs' request appears baseless, does not show manifest error and thus will not be permitted.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion for Reconsideration (Doc. 136) **IS GRANTED IN PART AND DENIED IN PART**.

**FURTHER ORDERED** the Clerk of Court shall reinstate all Defendants terminated by the April 29, 2009 Order (Doc. 132).

**FURTHER ORDERED** Defendants shall submit an amended Answer **NO LATER THAN 20 DAYS OF THIS ORDER**.

**FURTHER ORDERED** the Rule 16 Scheduling Conference set for August 27, 2009 **IS RESET FOR October 30, 2009 at 9:00 A.M.**

DATED this 25th day of August, 2009.

_____
Roslyn O. Silver
United States District Judge