**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spinedex Physical Therapy USA Incorporated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United Healthcare of Arizona Incorporated, et al.,<br><br>Defendants. | No. CV-08-00457-PHX-ROS<br><br>**ORDER** |

The Court has reviewed and considered the Joint Motion for Preliminary Approval, dated December 21, 2018 ("Joint Motion"), and the terms and conditions of the Settlement Agreement, dated December 20, 2018 (the "Settlement Agreement"), a corrected copy of which has been submitted as Exhibit 1 of the Joint Notice of Errata (Doc. 814) filed on January 15, 2019. All capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement. After consideration of the Settlement Agreement and the Joint Motion, together with the other submissions by the Parties in support of the Joint Motion, the Court finds that the Joint Motion should be granted.

Accordingly,

**IT IS ORDERED** the Joint Motion for Conditional Certification of Settlement Class, Preliminary Approval of Settlement Agreement, and Approval of Form and Content of Notice to Settlement Class Members (Doc. 807) is **GRANTED** as set forth below.

**IT IS FURTHER ORDERED** the Joint Motion to Approve Amended Class Action Fairness Notice (Doc. 813) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion for Approval of Amended Settlement Administrator (Doc. 820) is **GRANTED**.

**IT IS FURTHER ORDERED**:

1. The Court hereby preliminarily approves the terms of the Settlement Agreement, subject to further consideration at the Final Settlement Hearing provided for below. The Court concludes that the Settlement is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, free of collusion to the detriment of the Settlement Class (defined below in Paragraph 2 of this Order), and is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Final Settlement Hearing, and the circulation of the Mailed and Published Notices to members of the Settlement Class, each as provided for in this Order.

<u>Conditional Certification Of The Settlement Class</u>

2. For purposes of settlement only, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies a class composed of:

> (i) all Decompression Therapy service providers that provided Out-of-Network Decompression Therapy Services to a Plan Member, submitted a claim for reimbursement of those Decompression Therapy Services pursuant to an assignment of benefits received from that Plan Member, and received a Complete Claim Denial from any of the Released Parties during the period from March 7, 2002 through April 24, 2019; and (ii) all Plan Members who received Out-of-Network Decompression Therapy Services, submitted a claim for reimbursement of those Decompression Therapy Services (including, but not limited to, through an authorized representative), and received a Complete Claim Denial from any of the Released Parties during the period from March 7, 2002 through April 24, 2019.

("Settlement Class"). Solely for the purposes of settlement, the Court provisionally designates the individual Settling Plaintiffs as representatives of the Settlement Class and

finds them fair and adequate representatives of the interests of the Settlement Class with claims typical of Settlement Class Members. In addition, and solely for the purposes of settlement, the Court provisionally designates Garofolo & Ramsdell, LLP (lead counsel), Creitz & Serebin LLP, and Martin & Bonnett, P.L.L.C. as Settlement Class Counsel and finds that they are experienced and skilled attorneys capable of fairly and adequately representing the interests of the Settlement Class.

3. This conditional certification of the Settlement Class, Settling Plaintiffs, and Settlement Class Counsel is solely for purposes of effectuating the Settlement Agreement. If (a) the Settlement Agreement is terminated or is not consummated for any reason, (b) this Preliminary Approval Order is modified, reversed, or set aside on further judicial review, or (c) the Court for any reason does not enter the Final Order and Judgment, the foregoing conditional certification of the Settlement Class and appointment of Settling Plaintiffs and Settlement Class Counsel shall be void and of no further effect, and the Parties to the Settlement Agreement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument, position, or privilege that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

<u>Settlement Hearing; Right To Appear And Object</u>

4. A hearing (the "Final Settlement Hearing") shall be held before the Court on **August 1, 2019, at 10:00 a.m.**, in the United States Courthouse, United States District Court for the District of Arizona, 401 W. Washington St., Phoenix, Arizona, to determine:

(a) whether the Court should unconditionally certify the Settlement Class and whether Settling Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class;

(b) whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

(c) whether the causes of action between the Parties pending before this Court should be dismissed on the merits and with prejudice in light of the Settlement;

(d) whether the application for attorney's fees, costs and expenses, and service awards to be submitted by Settlement Class Counsel in connection with the Settlement should be approved; and

(e) such other matters as the Court may deem necessary or appropriate.

The Court may finally approve the Settlement at or after the Final Settlement Hearing (with any modifications agreed to by the Parties) without further notice to the Settlement Class.

5. Any Settlement Class Member may appear at the Final Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at that Hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless **no later than May 24, 2019**, such person:

(a) files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matters to be considered and the basis therefor, along with any documentation that such person intends to rely upon at the Final Settlement Hearing, and

(b) the same or following day, serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

Joseph A. Garofolo, Esq.
Garofolo & Ramsdell, LLP
3443 Golden Gate Way, Suite H
Lafayette, CA 94549

John C. West, Esq.
Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

and

Nicholas J. Pappas, Esq.
Jared R. Friedmann, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

6. Any attorney retained by a Settlement Class Member at the Settlement Class Member's expense for the purpose of objecting to the proposed Settlement must file with the Clerk of the Court, and serve on Settlement Class Counsel and Defendants' counsel, a notice of intention to appear, no later than **May 24, 2019**.

7. Any Settlement Class Member who does not timely file and deliver a written objection and a notice of intention to appear, no later than **May 24, 2019**, and any witness not identified in the notice of intention to appear, (a) shall not be permitted to object or appear at the Final Settlement Hearing except for good cause shown; (b) shall be deemed to have waived and forfeited, and shall be foreclosed from raising, any objection made at the Final Settlement Hearing; and (c) shall be bound by all of the terms of the Settlement Agreement and by all proceedings, orders, and judgments of this Court.

8. The date and time of the Final Settlement Hearing shall be set forth in the Mailed and Published Notices.

9. The Court reserves the right to adjourn the Final Settlement Hearing, or any portion thereof, without further notice of any kind other than an announcement of such adjournment in open court at the Final Settlement Hearing or any adjournment thereof, or by order of the Court entered in the public record of the actions, and the Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreement.

<u>Settlement Administrator; Form And Timing Of Notice</u>

10. With the consent of Defendants, Settlement Class Counsel has designated Heffler Claims Group as Settlement Administrator, and such Settlement Administrator shall perform the functions described in the Settlement Agreement, except as otherwise set forth herein.

11. All deadlines set forth in the Proposed Amended Schedule for Settlement Proceedings filed on January 24, 2019 ("Proposed Schedule") (Doc. 822-3) shall be adhered to by the Parties. No later than March 25, 2019, and in accordance with the Settlement

Agreement, the Settlement Administrator shall cause to be mailed, via first-class postage, copies of the Mailed Notice, the form and content of which is hereby approved, to all members of the Settlement Class for whom a last-known address can be identified through reasonable effort. In addition, no later than March 25, 2019, and in accordance with the Settlement Agreement, the Settlement Administrator shall cause to be published the Published Notice, the form and content of which is hereby approved, at least once in the legal notices section of *USA Today*, as set forth in Exhibit 5 of the Settlement Agreement. The Court also hereby approves the form and content of the proposed notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), which is set forth as Exhibit A of the Joint Motion to Approve Amended Class Action Fairness Act Notice (Doc. 813) filed on January 3, 2019, and which KCC Class Action Services, LLC or its affiliates ("KCC") has distributed consistent with statutory requirements.

12. Prior to the Final Settlement Hearing, the Settlement Administrator and/or KCC shall attest to compliance with Paragraph 11 of this Order. Costs of providing the notice to the Settlement Class that is specified in this Order shall be paid as set forth in the Settlement Agreement.

13. The Notices to be provided as set forth in Paragraph 11 of this Order are hereby found to be the best means of notice to Settlement Class Members that is practicable under the circumstances and are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and their right to object to or exclude themselves from the proposed Settlement. When completed, the Notices shall constitute due and sufficient notice of the Settlement, the Settlement Agreement, the Final Settlement Hearing and all other matters set forth in the Notices to all persons affected by and/or entitled to participate in the Settlement or the Final Settlement Hearing, in full compliance with the requirements of due process, the Federal Rules of Civil Procedure, and CAFA.

### Ability Of Members Of The Settlement Class To Opt-Out

14. All members of the Settlement Class who wish to opt-out of the Settlement Class must do so by sending timely, written notice of their election to opt-out to the Settlement Administrator at the address set forth in the Mailed Notice to be provided pursuant to Paragraph 11 of this Order. To be considered timely, and thereby effectively exclude a person from the Settlement Class, the envelope delivering a completed opt-out request for such person must be postmarked by **no later than May 24, 2019**. Prior to the Final Settlement Hearing, Settlement Class Counsel or their designee, including, but not limited to, the Settlement Administrator, shall submit to the Court a statement setting forth the names and addresses of each member of the Settlement Class who has timely elected to opt-out from the Settlement Class. Out-Of-Network provider groups, as distinct legal entities, and their individual Out-Of-Network provider members, partners, shareholders, owners, or employees, must separately request exclusion from the Settlement Class in order to opt out.

15. Any Settlement Class Member who does not properly opt out shall be included in such Settlement Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including, but not limited to, the releases, waivers, and covenants not to sue described therein, whether or not such Settlement Class Member shall have objected to the Settlement and whether or not such Settlement Class Member makes a claim upon, or participates in, the Settlement Fund or the other benefits to the Settlement Class provided by the Settlement Agreement.

## Other Provisions

16. All proceedings in this lawsuit, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, are hereby stayed and suspended until further order of the Court.

17. No discovery by any person with regard to the Settlement shall be permitted as to any Party other than as may be directed by the Court upon a proper showing by the person seeking such discovery pursuant to a motion properly noticed and served.

18. The Settlement Agreement, in whole or in part, whether effective, terminated,

or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind in this lawsuit or in any other action or proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence, or an admission or concession of liability, of wrongdoing or breach of any duty on the part of any Party, or as a waiver by any Defendant of any applicable defense, including, without limitation, any applicable statute of limitations.

19. In the event that the Settlement Agreement is terminated or is not consummated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights, positions, and privileges of the Parties to the Settlement Agreement before it was executed.

Dated this 24th day of January, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge