**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spinedex Physical Therapy USA Incorporated, et al., | No. CV-08-00457-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| United Healthcare of Arizona Incorporated, et al., | |
| Defendants. | |

The Court has reviewed and considered: (i) the Motion for Final Approval of Class Action Settlement, dated July 12, 2019, and the Declaration of Mark Rapazzini of Heffler Claims Group in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement (as well as the supplemental Declaration of Mark Rapazzini filed on July 31, 2019); (ii) the terms and conditions of the Settlement Agreement, dated December 20, 2018; (iii) the application of Settlement Class Counsel for an award of attorneys' fees, costs and expenses, and service awards dated April 24, 2019; (iv) the fact that there were no responses or objections to these submissions; and (v) the Declaration of Mailing of CAFA Notice, dated July 10, 2019, relating to compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

In addition, on August 1, 2019, the Court held a Final Settlement Hearing and is satisfied that notice to the Settlement Class, which is defined below in Paragraph 2 of this Final Order and Judgment ("Order"), was provided in accordance with the Court's Order

preliminarily approving the proposed settlement, conditionally certifying the settlement class, setting form and content of notice to members of the settlement class, and scheduling final settlement hearing, entered on January 25, 2019 (the "Preliminary Approval Order").

The Court also has taken into account the fact that no objections were submitted prior to the Final Settlement Hearing in accordance with the provisions of the Preliminary Approval Order and the presentations and other proceedings at the Final Settlement Hearing, and has considered the Settlement in the context of all prior proceedings conducted in this litigation. Based on the submissions and proceedings referenced above, the Court makes the following findings:

A. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

B. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

C. Notice to Settlement Class Members was provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice constituted the best means of notice to Settlement Class Members that was practicable under the circumstances and was due and sufficient notice of the Settlement and the Final Settlement Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Settlement Hearing. Further, such notice was in full compliance with the requirements of due process, the Federal Rules of Civil Procedure, and CAFA.

D. The Court held a Final Settlement Hearing to consider the fairness, reasonableness, and adequacy of the Settlement, and has been advised that there are no objections to the Settlement.

E. The Settlement is the product of good-faith, arm's-length negotiation between Settling Plaintiffs and Settlement Class Counsel and Defendants and their counsel.

F. In view of the monetary and non-monetary settlement consideration, the Court finds that the Settlement, as provided for in the Settlement Agreement, is in all respects fair, adequate, reasonable, and in the best interest of the Settlement Class. The

amount of formal and informal discovery and independent investigation by the attorneys, and the factual record compiled, sufficed to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement. In determining that the Settlement is in all respects fair, adequate, reasonable, and in the best interest of the Settlement Class, the Court has considered all of the factors set forth in Rule 23(e)(2) of the Federal Rules of Civil Procedure.

G. The Release and Injunctions provisions of this Order, which prohibit the assertion of claims against any Released Parties, as set forth below, are conditions of the Settlement and a significant component of the consideration afforded to Defendants in the Settlement Agreement, and the provisions are reasonable under the circumstances.

On the basis of the foregoing findings and the submissions and proceedings referenced above, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

<u>Certification Of Settlement Class And Approval Of Settlement</u>

1. The Motion for Final Approval of Class Action Settlement (Doc. 837) is **GRANTED** and the Settlement is hereby approved as fair, adequate, reasonable, and in the best interests of the Settlement Class in light of the complexity, expense, and likely duration of the litigation, and the risks involved in establishing liability, damages, and in maintaining a class action through trial. The Court further finds that the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure have been satisfied. There were no objections made based upon due process, constitutionality, procedures, substance, and compliance with the law, including, but not limited to, the adequacy of notice and the fairness of the Settlement.

2. The Court finds that, for the purposes of the Settlement only, each of the elements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied. Accordingly, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court unconditionally certifies a class (the "Settlement Class")

composed of:

(i) all Decompression Therapy service providers that provided Out-of-Network Decompression Therapy Services to a Plan Member, submitted a claim for reimbursement of those Decompression Therapy Services pursuant to an assignment of benefits received from that Plan Member, and received a Complete Claim Denial from any of the Released Parties during the period from March 7, 2002 through April 24, 2019; and (ii) all Plan Members who received Out-of-Network Decompression Therapy Services, submitted a claim for reimbursement of those Decompression Therapy Services (including, but not limited to, through an authorized representative), and received a Complete Claim Denial from any of the Released Parties during the period from March 7, 2002 through April 24, 2019.

3. Those persons who have validly and timely elected to Opt-Out of the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the monetary benefits afforded to the Settlement Class under the Settlement Agreement. Each and every Settlement Class Member who did not timely and properly file a valid request for exclusion from the Settlement Class is hereby permanently barred and enjoined from commencing, prosecuting, or assigning the right to do so of any action asserting any Released Decompression Therapy Claims against any of the Released Parties, including Defendants.

4. For purposes of the Settlement only, Settling Plaintiffs are certified as representatives of the Settlement Class and Settlement Class Counsel is appointed counsel to the Settlement Class, with Garofolo & Ramsdell, LLP to serve as lead counsel (and Joseph A. Garofolo, Esq. appointed as the attorney to serve as lead counsel). The Court concludes that Settlement Class Counsel and Settling Plaintiffs have fairly and adequately represented the Settlement Class with respect to the Settlement.

5. Notwithstanding the certification of the foregoing Settlement Class and appointment of Settling Plaintiffs for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of Settling Plaintiffs shall be void and of no further effect and the Parties to the Settlement Agreement shall be returned to the status each occupied before entry of the Settlement Agreement, without prejudice to any legal argument, position, or privilege that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

<u>Release And Injunctions Against Released Claims</u>

6. Each of the Released Parties is and hereby shall be unconditionally, fully, and finally released and forever discharged from the Released Decompression Therapy Claims by the Class Releasors.

7. Further, the Class Releasors shall abandon forever and discharge any and all claims against any other Persons or entities, which claims arise from, or are based on, conduct by any of the Released Parties in connection with the Released Decompression Therapy Claims. However, nothing in this Order is intended to relieve any Person or entity that is not a Released Party from responsibility for its own conduct or the conduct of other Persons who are not Released Parties.

8. The Released Decompression Therapy Claims that are being released and discharged include claims that the Class Releasors may not know or suspect to exist, in their favor, at the time of this Settlement Agreement. Class Releasors waive any and all provisions, rights, and benefits conferred by California Civil Code § 1542, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, with respect to the Released Decompression Therapy Claims, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his

or her settlement with the debtor.

9. Class Releasors are aware that they may, after the date of the Settlement Agreement, discover claims or facts in addition to or different from those they now know or believe to be true with respect to the Released Decompression Therapy Claims. Nevertheless, each Settling Plaintiff and Settlement Class Member has expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraphs 6, 7, and 8 of this Order, whether or not concealed or hidden, without regard to the discovery or existence of such different or additional facts.

10. Each of the Class Releasors is barred and enjoined from taking any step whatsoever to commence, institute, continue, pursue, maintain, prosecute, or enforce any Released Decompression Therapy Claims, on behalf of itself or any other person or entity, against any of the Released Parties.

<u>Applications For Attorneys' Fees and Approval of Other Distributions</u>

11. The Court has reviewed the application for an award of attorney's fees, costs and expenses, and services awards submitted by Settlement Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. On the basis of its review of the foregoing and on the presentations and other proceedings at the Final Settlement Hearing, the Court hereby **GRANTS** the Motion for Class Counsel's Attorney's Fees, Expenses, and Service Awards (Doc. 831). The Court awards attorney's fees to Settlement Class Counsel in the aggregate amount of $491,666.00, representing one third (33⅓%) of the Settlement Fund, $126,000 for costs and expenses requested by Settlement Class Counsel up to the date of the Final Order and Judgment Date, and service awards to the Settling Plaintiffs in the amount of $40,000 to Plaintiff Spinedex Physical Therapy, U.S.A., Inc. and $10,000 to Plaintiff Claude Aragon, all to be paid in accordance with the provisions of the Settlement Agreement. The Court also approves the payment or reimbursement by Defendants directly to Settlement Class Counsel of all mediation

fees invoiced by JAMS in accordance with the Settlement Agreement. In accordance with the Settlement Agreement, the Court further approves $153,780 to be paid to Heffler Claims Group as settlement administrator and additional fees, costs, and expenses so that, absent further approval of the Court, the total paid to Heffler does not materially exceed $175,801, all subject to review by counsel.

Other Provisions

12. The Settlement Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind in any action or proceeding, except to enforce the Settlement Agreement or this Order.

13. In the event that the Settlement Agreement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

Entry Of Judgment And Continuing Jurisdiction

14. The Clerk of Court shall enter a judgment dismissing all claims against remaining defendants with prejudice.

15. Without in any way affecting the finality of this Order, this Court shall have exclusive jurisdiction and authority to administer, interpret, and enforce the terms of the Settlement Agreement, and to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative or otherwise, which may be instituted by any Person, individually or derivatively, with respect to the Settlement Agreement. This reservation of jurisdiction does not limit any reservations of jurisdiction in the Settlement Agreement, nor do any such reservations of jurisdiction in the Settlement Agreement limit the reservation in this Paragraph. Except as otherwise provided in the Settlement Agreement, each Party and each Settlement Class Member has irrevocably submitted to the exclusive jurisdiction

and venue of this Court for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement and/or the negotiation, performance, or breach of the Settlement Agreement.

Dated this 2nd day of August, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge